IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| CARDENAS ENTERPRISES INC. | ) ) ) | |
| *Plaintiff,* | ) ) | No. _____ |
| *v.* | ) ) ) | |
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION; and ISABELLA GUZMAN, in her official capacity as Administrator of the United States Small Business Administration, | ) ) ) ) ) ) | |
| *Defendant.* | ) ) | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, CARDENAS ENTERPRISES INC. ("Plaintiff"), by and through its undersigned counsel, Sanchez, Whittington, Wood & Orozco, LLC, by way of Complaint against the Defendants, UNITED STATES SMALL BUSINESS ADMINISTRATION ("SBA") and ISABEL GUZMAN, in her official capacity as Administrator of the United States Small Business Administration (the "Administrator"), hereby alleges as follows:

### NATURE OF ACTION

1. Plaintiff challenges the SBA's denial of forgiveness of $389,777.00 in loan proceeds that Plaintiff received under the Paycheck Protection Program ("PPP").

2. Renato Gerardo Cardenas ("Cardenas") was arrested in Brownsville, Texas and charged with the offense of evading arrest. Cardenas' offense of Evading Arrest did not result in a finding of guilt by the court and resulted in Deferred Adjudication.

3. Plaintiff applied for and received a PPP loan in the amount of $389,777.00. Subsequently, Plaintiff applied for forgiveness of the $389,777.00 loan, and Plaintiff's lender determined that Plaintiff should receive full loan forgiveness.

4. Thereafter, the SBA issued a final loan review decision finding Plaintiff was ineligible for the PPP Loan and any subsequent forgiveness.

5. Plaintiff appealed the SBA's final loan review decision to the SBA's office of Hearings and Appeals ("OHA"), pursuant to applicable regulations. Plaintiff argued that the SBA erred in finding that Plaintiff was ineligible to receive the PPP Loan and any subsequent forgiveness because: (1) Cardenas was not convicted of a crime of moral turpitude; (2) Cardenas' offense of Evading Arrest did not result in a finding of guilt by the court and resulted in Deferred Adjudication; (3) the offense of Evading Arrest as, brought against Cardenas, was not a felony involving any element of fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance within the last five years or any other felony within the last year; (4) the criteria utilized by SBA in making a determination of ineligibility was based on overly broad and legally vague interpretations adopted by SBA; and (5) the criteria utilized by SBA in making a determination of ineligibility and applying same violated the equal protection and substantive and procedural due process protections afforded to Plaintiff and Cardenas under the United States Constitution and Bill of Rights.

6. The OHA issued its decision regarding the PPP Loan at issue which denied forgiveness of the entirety of the $389,777.00 loan, reasoning that the loan could not be forgiven because Plaintiff was ineligible for the PPP loan at the time of applying for it because Cardenas was at least 20% equity owner of Plaintiff and was under indictment for a felony and subject to community supervision, a form of probation.

7. Under Applicable regulations, the OHA's decision is now the final decision of the SBA. Plaintiff has exhausted all administrative remedies, and now commences this action under the Administrative Procedure Act ("APA") to set aside SBA's unlawful denial of forgiveness of the $389,777.00, and to compel the SBA to grant forgiveness as to the entire amount of the loan.

## JURISDICTION AND VENUE

8. This honorable Court has jurisdiction over this instant case pursuant to 28 U.S.C. § 1331 because Plaintiff's causes of action arise under the APA. *See* 5 U.S.C. § 701 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof").

9. Venue is proper in this district pursuant to 28 U.S.C. §139(e)(1)(A), because Plaintiff resides in this district; and pursuant to 13 CFR § 134.1211(g), which provides that "[f]inal decisions [of the SBA] may be appealed to the appropriate federal district court only."

10. The decision that the OHA issued on April 10, 2023, is the final decision of the SBA, and thus is a final agency action for purposes of the APA, pursuant to 13 CFR §134.1211(b), which provides that "unless a request for reconsideration is filed pursuant to paragraph (c) of this section or the SBA Administrator, solely within the Administrator's discretion, decides to review or reverse the initial decision pursuant to paragraph (d) of this section, an initial decision shall become the final decision of the SBA 30 calendar days after its service."

## THE PARTIES

11. Plaintiff, Cardenas Enterprise Inc., a Texas Corporation that is engaged in the business of selling automobiles. Plaintiff has its principal place of business at 210 N. Loop 499 Harlingen, Cameron County, Texas 78550.

12. Defendant SBA is an independent agency of the United States, with offices at 409 3rd Street, S.W., Washington D.C. The SBA was created pursuant to 15 U.S.C. Ch. 14A.

13. Defendant Isabella Guzman is the Administrator of the SBA. She is sued in her official capacity. Administrator Guzman has an office at 409 3rd Street, S.W., Washington D.C.

## STATEMENT OF FACTS

14. The SBA administers the 7(a) Loan Program pursuant to applicable regulations. The 7(a) Loan Program's purpose is to help qualified entrepreneurs to start or expand small businesses.

15. The Small Business Administration ("SBA") provides financing to small businesses through private "Section 7(a) loans" under the Small Business Act. *Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 408-09 (2d Cir. 2022) (citing 15 U.S.C. § 636(a)). The SBA guarantees loans that private lenders (approved by the SBA) provide to eligible small businesses.

16. On or about March 27, 2020, the Coronavirus Aid, Recovery and Economic Security Act ("CARES"), P.L. 116-136, became law. The CARES Act established the Paycheck Protection Program ("PPP"), the purpose of which was to provide eligible small businesses with funds to meet payroll costs during the COVID-19 pandemic. The PPP loan program fell under the SBA's Section 7(a) loan program, but relaxed many of the conditions for qualification and forgave an underlying loan if sixty percent of the loaned funds covered payroll expenses. *Oto Analytics, Inc. v. Cap. Plus Fin., LLC*, 2022 U.S. Dist. LEXIS 85031, *2, 2022 WL 1488441. Under PPP, the SBA was authorized to guarantee loans to businesses with fewer than 500 employees. 15 U.S.C. § 636(a)(36).

17. Cardenas is a United States citizen who resides in Brownsville, Cameron County, Texas. Cardenas is the president of Cardenas Enterprises, Inc., a Texas corporation which owns

and operates a BMW car distributorship in Harlingen, Texas. He owns 100% of the issued and outstanding shares in Cardenas Enterprises, Inc.

18. On or about September 16, 2019, Cardenas was arrested in Brownsville, Texas. On December 4, 2019, Cardenas was, by indictment, charged with the felony offense of evading arrest in the 103rd District Court of Cameron County, Texas in Cause No. 2019-DCR-02432.

19. On April 6, 2020, Plaintiff submitted a Paycheck Protection Program Borrower Application. On March 12, 2021, Plaintiff was approved for a PPP loan by PNC Bank, National Association ("Lender") in the amount of $389,777.00, and having executed a PPP Promissory Note received the loan proceeds. The PPP loan in the amount of $389,779.00 was funded on March 24, 2021.

20. On January 4, 2022, Cardenas pled guilty to the charged offense of evading arrest. The presiding judge did not make a finding of guilt, but, instead, signed an "Order of Deferred Adjudication" and therefore postponed the necessity of making any finding of guilt. The presiding judge placed Cardenas on 10 years of community supervision and ordered him to serve 180 days in jail. Subsequently, the judge reduced his sentence to 90 days. Upon the successful completion of the community supervision period, the case will be dismissed.

21. On February 24, 2022, Plaintiff submitted a PPP Loan Forgiveness Application through the Lender. On March 27, 2022, the Lender determined Plaintiff should receive full loan forgiveness.

22. On June 3, 2022, SBA notified the Lender it was reviewing Plaintiff's PPP loan. SBA requested the documentation used to secure the loan and justify the Lender's forgiveness decision. Plaintiff and Lender submitted all documentation requested by SBA.

23. On January 4, 2023, the SBA issued a final PPP loan review decision providing Plaintiff with $0.00 of PPP loan forgiveness, finding "It is verified that the borrower was an ineligible recipient of the Paycheck Protection Program due to the principal applicant possessing a criminal record. According to a document provided by the lender, Cardenas, a principal with one hundred percent ownership, possessed a criminal record that occurred in 2019." SBA held at the time of PPP loan application Plaintiff was ineligible for the PPP loan and precluded from loan forgiveness.

24. On January 9, 2023, Plaintiff received the SBA Loan Review Decision from the Lender. The SBA Decision stated that Cardenas Enterprises, Inc. was ineligible to receive the PPP Loan because the SBA concluded that Cardenas, as the owner of 100% of the shares of the Borrower, was ineligible to receive the PPP Loan because:

*"an owner of 20 percent or more of the equity of the applicant is incarcerated, on probation, on parole; presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction; or has been convicted of a felony in the last five years."*

25. On February 6, 2023, Plaintiff filed an appeal from that final SBA Loan Review Decision the ("Appeal"), arguing that the Final SBA Loan Review Decision is erroneous for the reasons stated in the Appeal, and requested that the OHA reverse it, and find that Plaintiff is eligible for PPP loan forgiveness.

26. On February 21, 2023, a Notice and Order was issued by the OHA requiring the filing of the Administrative Record ("AR") by March 13, 2023, providing for Plaintiff to file an Objection to the same by March 23, 2023, and allowing for SBA to file a Response to the Petition by April 7, 2023.

27. On March 6, 2023, SBA filed the AR. On March 23, 2023, the Plaintiff filed an Objection to the AR. The Objection was overruled by Order dated March 24, 2023. SBA did not file a Response to the Petition and the AR was closed on April 7, 2023.

28. On April 10, 2023, the OHA issued a decision affirming the SBA loan decision, stating that Plaintiff was ineligible for a PPP loan at the time of applying for PPP Loan Number 1182128606 and Plaintiff's ineligibility for PPP Loan Number 1182128606 precludes PPP loan forgiveness.

## FIRST CAUSE OF ACTION
### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)
### (SBA Lacks Statutory or regulatory Basis to Deny Forgiveness)

29. Plaintiff repeats and re-alleges Paragraphs 1-28 (inclusive) of this Complaint with the same force and effect s if set forth at length in this paragraph.

30. The APA provides that a reviewing court must "hold unlawful and set aside agency action … found to be … not in accordance with law." 5 U.S.C. § 706(2)(A).

31. In denying forgiveness of the $389,777.00 of loan proceeds, the SBA acted contrary to law because (1) Cardenas was not convicted of a crime of moral turpitude; (2) Cardenas' offense of Evading Arrest did not result in a finding of guilt by the court and resulted in Deferred Adjudication; (3) the offense of Evading Arrest as, brought against Cardenas, did not involve any element of fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance within the last five years or any other felony within the last year; (4) the criteria utilized by SBA in making a determination of ineligibility was based on overly broad and legally vague interpretations adopted by SBA; and (5) the criteria utilized by SBA in making a determination of ineligibility and applying same violated the equal protection

and substantive and procedural due process protections afforded to Plaintiff and Cardenas under the United States Constitution and Bill of Rights.

32. Under 5 U.S.C. § 706(2)(A), Plaintiff respectfully requests that this honorable Court hold the SBA's actions unlawful and set aside the final decision of the SBA that denied forgiveness of the $389,777.00 of loan proceeds.

## SECOND CAUSE OF ACTION

**Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(B)**
**(Contrary to Constitutional Right Power, Privilege, or Immunity in Violation of the APA)**

33. Plaintiff repeats and re-alleges Paragraphs 1 through 32 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

34. The APA provides that a reviewing court must "hold unlawful and set aside agency action … found to be … contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

35. In denying forgiveness of the $389,777.00 of loan proceeds, the SBA acted contrary to law because (1) Cardenas was not convicted of a crime of moral turpitude; (2) Cardenas' offense of Evading Arrest did not result in a finding of guilt by the court and resulted in Deferred Adjudication; (3) the offense of Evading Arrest as, brought against Cardenas, was not a felony involving any element of fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance within the last five years or any other felony within the last year; (4) the criteria utilized by SBA in making a determination of ineligibility was based on overly broad and legally vague interpretations adopted by SBA; and (5) the criteria utilized by SBA in making a determination of ineligibility and applying same violated the equal protection and substantive and procedural due process protections afforded to Plaintiff and Cardenas under the United States Constitution and Bill of Rights.

36. Under 5 U.S.C. § 706(2)(B), this Court must therefore hold unlawful and set aside the final decision of the SBA that denied forgiveness of the $389,777.00 loan proceeds.

### THIRD CAUSE OF ACTION

**Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**
**(Arbitrary and Capricious Action in Violation of the APA)**

37. Plaintiff repeats and re-alleges Paragraphs 1 through 36 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

38. The APA provides that a reviewing court must "hold unlawful and set aside agency action … found to be … arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2)(A).

39. In denying forgiveness of the $389,777.00 of loan proceeds, the SBA acted arbitrarily, capriciously and abused its discretion because (1) Cardenas was not convicted of a crime of moral turpitude; (2) Cardenas' offense of Evading Arrest did not result in a finding of guilt by the court and resulted in Deferred Adjudication; (3) the offense of Evading Arrest as, brought against Cardenas, was not a felony involving any element of fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance within the last five years or any other felony within the last year; (4) the criteria utilized by SBA in making a determination of ineligibility was based on overly broad and legally vague interpretations adopted by SBA; and (5) the criteria utilized by SBA in making a determination of ineligibility and applying same violated the equal protection and substantive and procedural due process protections afforded to Plaintiff and Cardenas under the United States Constitution and Bill of Rights.

40. Under 5 U.S.C. § 706(2)(A), this Court must therefore hold unlawful and set aside the final decision of the SBA that denied forgiveness of the $389,777.00 of loan proceeds.

## FOURTH CAUSE OF ACTION

**Administrative Procedure Act, 5 U.S.C. § 706(1)
(to Compel Agency Action Unlawfully Withheld)**

41. Plaintiff repeats and re-alleges Paragraphs 1 through 40 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

42. The APA provides that a reviewing court must "compel agency action unlawfully withheld." 5 U.S.C. § 706(2)(A).

43. In denying forgiveness of the $389,777.00 of loan proceeds, the SBA unlawfully withheld agency action required by law, because (1) Cardenas was not convicted of a crime of moral turpitude; (2) Cardenas' offense of Evading Arrest did not result in a finding of guilt by the court and resulted in Deferred Adjudication; (3) the offense of Evading Arrest as, brought against Cardenas, was not a felony involving any element of fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance within the last five years or any other felony within the last year; (4) the criteria utilized by SBA in making a determination of ineligibility was based on overly broad and legally vague interpretations adopted by SBA; and (5) the criteria utilized by SBA in making a determination of ineligibility and applying same violated the equal protection and substantive and procedural due process protections afforded to Plaintiff and Cardenas under the United States Constitution and Bill of Rights.

44. Under 5 U.S.C. § 706(2)(A), this Court must compel the SBA to grant forgiveness $389,777.00 loan proceeds.

## CONCLUSION

44.     For the reasons stated herein, Plaintiff respectfully prays that this honorable Court reverse the SBA's loan review decision.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A. The entry of judgment in favor of the Plaintiff; and

B. An order holding unlawful and setting aside the final decision of the SBA that denied forgiveness of the $389,777.00 loan proceeds; and

C. An order compelling the SBA to grant forgiveness of the $389,777.00 loan proceeds; and

D. An award of all costs and attorneys' fees pursuant to any applicable authority; and

E. Such further relief as this Honorable Court deems just and proper.

Dated: May 15, 2023

Respectfully submitted,

SANCHEZ WHITTINGTON WOOD
& OROZCO, LLC
3505 Boca Chica Blvd., Suite 100
Brownsville, TX 78521-4064
(956) 546-3731 - Telephone
(956) 546-3765 or 546-3766 - Fax
By : /s/ *Dennis Sanchez*
Dennis Sanchez
State Bar No. 17569600
Federal Bar No. 1594
dsanchez@southtexaslegal.com
Hector D. Picazo
State Bar No. 24091509
Federal Bar No. 3137663
hpicazo@southtexaslegal.com
ATTORNEYS FOR PLAINTIFF